UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:19-cv-20649-MGC

MARIA VICTORIA VILLAMIL
SALGADO

    Plaintiff,

v.

MATTHEW GROSACK & SABRINA
GROSACK

    Defendants.
_____/

**DEFENDANTS' MOTION FOR SETTLEMENT CONFERENCE BEFORE U.S. MAGISTRATE JUDGE AND INCORPORATED MEMORANDUM OF LAW**

Defendants, Matthew & Sabrina Grosack (collectively the "Defendants"), hereby move this Court to schedule a settlement conference, before Magistrate Judge Goodman, in the above captioned matter, in the interest of judicial economy and in order to obtain a just, speedy, and inexpensive determination of the action, and as grounds therefore state as follows:

    1.    This is an action brought pursuant to the Fair Labor Standards Act ("FLSA") by Plaintiff Maria Victoria Villamil Salgado (the "Plaintiff"). Plaintiff, a serial FLSA plaintiff is the former employee of Defendant Sabrina Grosack who was employed to care for Defendants' children. Similar to Plaintiff's prior lawsuit against the family that previously employed her, ,[1] Plaintiff alleges unpaid minimum wages amounting to almost sixty-thousand dollars ($60,000.00) for purportedly working twenty-four (24) hour work days over the course of more than (3) years.

---

[1] *See* Complaint filed in *Maria Victoria Villamil v. Oscar Mendez and Marly Vargas*, 2015-011822-CA-01 In the Circuit Court in and for Miami-Dade County.

2.	Although Defendants specifically deny that <u>any</u> money is owed to Plaintiff, Defendants continue to seek a reasonable settlement of this action as they are cognizant of the substantial attorney's fees they may incur if this action goes to trial.  Although Defendants have extended good faith settlement offers and have produced corroboration of their position that Sabrina did not violate the minimum wage provision of the FSLA, Plaintiff refuses to engage in h settlement negotiations.

3.	On or about March 14, 2019, Plaintiff's counsel insisted that discovery must proceed (and that substantial fees must be incurred) before counsel will agree to an early settlement conference.[2]  Plaintiff's counsel takes this position despite the exchange of over 1,500 pages of documents and sworn testimony between the parties as part of pre-suit settlement discussions and the mandatory disclosures ordered by this Court.

4.	Voluntary meaningful settlement discussions regarding the merits of this case will not occur without Plaintiff's counsel first taking discovery and incurring substantial legal fees which he will then seek to recover from Defendants.  Defendants believe such discovery is unnecessary given the volume of documentary disclosure that has taken place in this case. Moreover, Plaintiff's approach is simply inconsistent with the Federal Rules of Civil Procedure which provide in part that the rules "shall be construed and administered to secure the just, <u>*speedy and inexpensive determination of every action and proceeding.*</u>" *See* Fed. R. Civ. P. 1 (emphasis added).

5.	For this reason, Defendants respectfully submit that this case requires an early settlement conference before United States Magistrate Judge Goodman in order to facilitate a "just, speedy and inexpensive determination" of this action.  It is well known that federal court dockets

---

[2] It is noteworthy that the Plaintiff and the Zidell Firm <u>do not</u> oppose and suggest early mediation of this case.

are flooded with FLSA cases. Often times the parties engage in unnecessary and expensive discovery and motion practice even though the amount at issue is minimal. This, in turn, makes it more difficult to attempt to resolve these cases because the plaintiffs' claimed attorneys' fees are significantly higher than the alleged wages due.

6. Rule 1 of the Magistrate Rules for this Court provides, in relevant part, that a Magistrate Judge is authorized to conduct settlement conferences. *See* S.D. Fla. M.R. 1(i)(2). Rule 2 states that "the District Judge may refer to a Magistrate Judge any matter within the scope of these Magistrate Judge Rules." S.D. Fla. M.R. 2. Pursuant to said rules, courts in the Southern District of Florida commonly appoint a Magistrate Judge to conduct settlement conferences early in FLSA cases. S*ee Garay v. Southeast Duct Specialist, Inc.*, 09-20124-CIV-SEITZ-O'SULLIVAN, D.E. 6, Notice of Court Practice in Fair Labor Standards Act Cases and Referral to Magistrate Judge for Settlement Conference, pp. 1-2 (S.D. Fla. Feb. 5, 2009). In fact, some courts require the parties to engage in a settlement conference prior to filing a joint scheduling report. *Id.* at 2.

7. Courts routinely grant motions to hold early settlement conferences at the request of one of the parties, because doing so does not entail the expense of a neutral private mediator, and is, often, more effective: "[t]he Court can . . . request a Magistrate Judge to conduct a mediation. Such a proceeding will not entail the expenses that accompany mediation before a neutral. *N. Am. Med. Corp. v. Axiom Worldwide, Inc.*, No. 1:06-CV-1678-JEC, 2010 U.S. Dist. LEXIS 150245, at *29 (N.D. Ga. June 25, 2010).

8. As Judge Moore of this District has observed, FLSA plaintiffs – and the Zidell Firm in particular - benefit "enormously" from a referral to an early settlement conference:

> Available records show that the Zidell law firm has filed 1,905 lawsuits with this Court, almost all on behalf of plaintiffs bringing FLSA claims. *The Firm, and other attorneys who represent FLSA plaintiffs, benefit enormously from the widespread practice of the judges on this Court of referring FLSA cases to an early settlement conference before a Magistrate Judge.* The parties settle many of these lawsuits at this early stage with payment to the plaintiff, along with attorneys' fees to plaintiffs' counsel. This happens, in significant measure, because the FLSA's prevailing plaintiff attorneys' fee provision creates a powerful economic incentive for defendants to settle these claims.

(Emphasis Supplied).

*Estrada v. FTS USA, LLC*, No. 14-23388-CIV, 2018 U.S. Dist. LEXIS 122780, at *20-21 (S.D. Fla. July 20, 2018).

9. The requested relief will not delay the trial of this matter or otherwise interfere with these proceedings. To the contrary, it could result in the expeditious resolution of this action. Moreover, no party will suffer prejudice if this Motion is granted, especially given the fact that the parties are required by this Court to participate in mediation.

## CONCLUSION

**WHEREFORE**, Defendants respectfully request that this Court enter an Order requiring that the parties participate in an in-person settlement conference before magistrate judge Goodman (with all parties and primary counsel in attendance with full settlement authority), and for such other and further relief as this Court deems just and proper.

**CERTIFICATE OF CONFERRAL**

Undersigned hereby certifies that he conferred with opposing counsel J. Paxton Marshall, Esq. who, by email, informed Undersigned that they are opposed to the motion.

                                       */s/ Jay M. Levy*
                                       JAY M. LEVY, ESQUIRE
                                       FL BAR NO 219754
                                       Jay M. Levy, P.A.
                                       9150 S. Dadeland Boulevard, Suite 1010
                                       Miami, FL  33156
                                       Tel: 305 670-8100
                                       E-mail: jay@jaylevylaw.com
                                       Secondary: wendy@jaylevylaw.com

Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument was emailed to those listed on the service list this May 24, 2019.

                               BY: _____*/s/*_____
                                       JAY M. LEVY, ESQUIRE

Service List
Natalie Staroschak, Esquire
JH Zidell, PA
300-71 Street, Suite 605
Miami Beach, Florida 33141
nstar.zidellpa@gmail.com

J. Paxton Marshall, Esquire
JH Zidell, PA
300-71 Street, Suite 605
Miami Beach, Florida 33141
pmarsh.zidellpa@gmail.com